| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with**<br>**D.N.J.LBR 9004-1**<br><br>**STEWART LEGAL GROUP, P.L**.<br>*Formed in the State of Florida*<br>Gavin N. Stewart, Esq.<br>*Of Counsel to Bonial & Associates, P.C.*<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>Tel: 813-371-1231/Fax: 813-371-1232<br>E-mail: gavin@stewartlegalgroup.com<br>*Attorney for Creditor* | Order Filed on July 27, 2021<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Michael Agyeman<br>*dba* Agyeman Agency Farmers Insurance<br><br>                                      Debtor. | Chapter 13<br><br>Case No. 16-31933-SLM<br><br>Hearing Date: May 26, 2021<br><br>Judge Stacey L. Meisel |

**CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: July 27, 2021**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Debtor:             Michael Agyeman
Case No.:           16-31933-SLM
Caption of Order:   **CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT**

THIS MATTER having been opened to the Court upon the Certification of Default ("COD") filed by Toyota Motor Credit Corporation ("Creditor"), and whereas the post-petition arrearage was $19,660.30 as of July 22, 2021, and whereas the underlying contract is matured and whereas the Debtor and Creditor seek to resolve the COD, it is hereby **ORDERED**:

1. The automatic stay provided under 11 U.S.C. §362(a) shall remain in effect as to Movant's interest in the following property: **2012 Toyota Highlander; VIN: 5TDDK3EH5CS142924** provided that the Debtor complies with the terms of this Order.

2. The COD is resolved by the Modified Plan (Doc. No. 116), which provides for the curing and payment in full of the pre-petition arrearage, as well as the post-petition arrearage above, along with the contractual interest of 8.49%, as well as all other amounts due on the underlying loan, for a total payout of $21,818.32.

3. The Debtor shall remain current on all post-petition payment obligations, as well as all payments being paid through the Chapter 13 Plan.

4. If the Debtor fails to pay either the arrears and/or the contractual payments due to Creditor through the Plan, and the Debtor fails to cure the payment default within thirty (30) days from the date of default, Creditor may submit a Certificate of Default to the Court on fourteen (14) days' notice to counsel for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. § 362(a) and permitting Creditor to exercise any rights under the loan documents with respect to the Property.

5. Creditor is awarded reimbursement of attorney fees in the amount of $250.00 to be paid through the Chapter 13 Plan.

**STIPULATED AND AGREED**:

| | |
|---|---|
| */s/ Kevin Delyon* | */s/Gavin N. Stewart* |
| Kevin Delyon, Esq. | Gavin N. Stewart, Esq. |
| 7 Glenwood Ave | Stewart Legal Group, P.L. |
| Suite #408,4th Floor | 401 East Jackson Street, Suite 2340 |
| East Orange, NJ 07017 | Tampa, FL 33602 |
| *Counsel for Debtor* | *Counsel for Creditor* |